UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT N. BENNETT,<br><br>Plaintiff,<br><br>v.<br><br>CONTRA COSTA SHERIFF'S OFFICE,<br><br>Defendant. | Case No. 20-cv-07007-JSW<br><br>**ORDER DENYING REQUEST FOR PRELIMINARY INJUNCTION, VACATING TEMPORARY RESTRAINING ORDER, AND VACATING HEARING**<br><br>Re: Dkt. No. 2 |

Now before the Court is the request for an order to show cause why a preliminary injunction should not issue. The Court has considered the parties' papers, relevant legal authority, and the record in this case, and the Court finds the request suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing set for October 20, 2020 at 10:00 a.m. is HEREBY VACATED. For the reasons set forth below, the Court HEREBY DENIES the request for a preliminary injunction and VACATES its previous order granting a temporary restraining order.

On October 8, 2020, this Court received an emergency ex parte motion for a temporary retraining order filed by Plaintiff Robert N. Bennett, appearing pro se. With only the information provided, the Court issued a temporary restraining order to prevent Mr. Bennett from eviction that same day. The information provided by Mr. Bennett indicated he that was facing immediate eviction and was subject to the protection provided by an order issued by the Centers for Disease Control and Prevention ("CDC") entitled *Temporary Halt in Residential Evictions to Prevent Further Spread of COVID-19*. 85 Fed. Reg. 55,292 (Sept. 4, 2020) ("CDC Order").

In response to the Court's order to show cause why a preliminary injunction should not issue, defendant Contra Costa County Sheriff's Department and the real party at interest, Catamount Properties 2018, LLC ("Catamount") filed timely oppositions. Mr. Bennett failed to file a reply.

The CDC Order temporarily halts residential evictions of covered persons for nonpayment of rent from the effective date of September 4, 2020 through December 31, 2020. *Id.* at 55,293. The CDC Order was designed to limit evictions in order to mitigate "the spread of COVID-19 within congregate or shared living settings, or through unsheltered homelessness" during this unprecedented pandemic. *Id.* The temporary halting of evictions for those covered by the CDC Order allows local authorities to more easily implement the stay-at-home and social distancing directives designed to mitigate the community spread of COVID-19. *Id.* The term "Eviction" is defined in the CDC Order as "any action by a landlord, owner of a residential property, or other person with a legal right to pursue eviction or cause the removal of a covered person from a residential property. This does not include foreclosure on a home mortgage." *Id.*

It is clear from the judicially noticeable documents filed in opposition to the request for a preliminary injunction that Mr. Bennett is not entitled to the temporary eviction protections. Mr. Bennett lost his interest in the property at 1801 Coalinga Avenue, in Richmond, California, 94801 ("the Property") in a foreclosure sale on July 31, 2019, to Catamount.[1] (Dkt. No. 12; Request for Judicial Notice ("RJN"), Ex. A at 1.) On August 22, 2019, Catamount initiated an unlawful detainer action before the Contra Costa Superior Court and was awarded judgment for possession of the Property on February 4, 2020. (*Id.* at Exs. A at 3, E at 2.) A writ of possession was issued on February 19, 2020, and lockout was set for March 18, 2020. (*Id.*, Ex. A at 1-2.) On March 12, 2020, Mr. Bennett sought a stay for hardship. (*Id.*, Ex. D at 1). The Superior Court issued a stay of the lockout until March 27, 2020, conditioned upon the payment of costs. (*Id.*)

On March 16, 2020, the Contra Costa Public Health Officer ordered residents to shelter in

---

[1] Catamount, the real party at interest, also appeared before this Court and opposed the order to show cause why a preliminary injunction should issue. (*See* Dkt. No. 13.) The Court has considered this opposition and attached exhibits as well.

2

place due to the COVID-19 pandemic.  (*Id.*, Ex. F.)  Due to the shelter in place order, the Contra Costa Sheriff's Office ceased performing evictions until September 2020.

On October 2, 2020, Mr. Bennett submitted an ex parte application before the Superior Court to request an order directing Catamount to comply with the CDC Order and halt his eviction from the Property, which had been set for October 8, 2020.  (*Id.*, Ex. C.)  Mr. Bennett sought to stop his eviction based on his interpretation that the CDC Order prevented property owners "with legal right to pursue eviction from taking any action to remove tenants of residential property until after December 31, 2020."  (*Id.* at 1.)  Catamount opposed the request and argued that no landlord-tenant relationship existed and that Mr. Bennett's title to the Property was extinguished by the foreclosure sale.  (*Id.*, Ex. D at 1.)  The Superior Court denied Mr. Bennett's application and ruled that "there is no showing that this holdover occupant with judgment for possession entered against him in February 2020 falls into the definitions contemplated in [the CDC Order]."  (*Id.*, Ex. B.)

After having been denied a stay of his eviction from the Superior Court, on October 7, 2020, Mr. Bennett filed an incomplete set of records before this Court seeking the same remedy – to halt his eviction from the Property set for the early morning of October 8, 2020.  The Court granted the interim emergency remedy.  However, having been provided a more comprehensive record, it is clear that Mr. Bennett does not fall within the protections of the CDC Order as it does not apply in foreclosure actions.  *See* 85 Fed. Reg. 55,292 at 55,293; *see also* Dkt. No. 13-11, *HHS/CDC Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19 – Frequently Asked Questions* at 1.)

Furthermore, the remedy Mr. Bennett seeks in this action is barred by the state court adjudication of the very same issue.  The adjudication by the Superior Court of the precise issue before this Court – the application of the CDC Order to Mr. Bennett's eviction – is preclusive.  The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  The doctrine "prevents federal courts from second guessing state court decisions by barring the federal courts from hearing de

facto appeals from state-court judgments: If claims raised in the federal action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling[.]" *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). The doctrine "bars federal adjudication of any suit in which a plaintiff alleges injury based on a state court judgment and seeks relief from that judgment, not only direct appeals from a state court's decision . . . even where the party does not directly challenge the merits of the state court's decision[.]" *Id.* at 900 n.4 (citing *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 (1983)).

Here, although Mr. Bennett failed to mention that the Superior Court had denied his request to apply the CDC Order to halt his eviction, this Court finds the CDC Order is clear that it does not apply in foreclosure actions, and furthermore, this Court cannot review the Superior Court's order which came to the same conclusion.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). In order to obtain this extraordinary remedy, Plaintiffs must show "(1) they are likely to succeed on the merits, (2) they are likely to 'suffer irreparable harm' without relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest." *East Bay Sanctuary Covenant v. Barr*, 964 F.3d 832, 844-45 (9th Cir. 2020) (citing *Winter*, 55 U.S. at 20).

Because Mr. Bennett has not shown that he is likely to succeed on the merits, the Court VACATES its order dated October 8, 2020 for a temporary restraining order and DENIES Mr. Bennett's request for an order to show cause why a preliminary injunction should issue.

**IT IS SO ORDERED.**

Dated: October 19, 2020

_____
JEFFREY S. WHITE
United States District Judge